JAMES DURDEN *et al.*, plaintiffs in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Several defendants were indicted for riot and severed on the trial. A joint motion for a new trial was made without objection by the solicitor general:

*Held*, that although the defendants may join in a bill of exceptions to the refusal of the court to grant the new trial, they cannot assign additional errors in said joint bill which were not contained in the motion, and which were alleged to have been committed on the respective trials.

2. Upon a conviction for riot, where the indictment alleges circumstances of an aggravated nature, and the judge who tries the case certifies that

Durden *et al. vs.* The State of Georgia.

the evidence shows the same to be true, this court will not control the decision of the judge in taxing the costs, under section 1650 of the Code, unless in a clear case of error.

Criminal law. Severance. New trial. Costs. Practice in the Supreme Court. Before Judge Herschel V. Johnson. Washington Superior Court. March Term, 1874.

James Durden, John Durden and Robert Fisher, were charged with the offense of riot. The material portion of the indictment was as follows: "On August 6th, 1873, actuated by a common cause of quarrel, did, in an unlawful, tumultuous and violent manner, commit an unlawful act of violence, by surrounding the house of one Francis Yarborough, at the hour of midnight, on the 6th of August aforesaid, and threatening to kill him, said Francis Yarborough, and to do other acts of lawless violence, contrary," etc. When the case was called, the defendants severed and the state placed James Durden on trial. He was convicted. The other two defendants were tried together under an agreement that their evidence was to be admissible, the one for the other, as if there had been a severance. They were convicted. A joint motion for a new trial was made in behalf of all of the defendants, without objection by the solicitor general. The only ground material to be set forth was that the court erred in taxing the solicitor's costs at $30 00 instead of $10 00, the offense charged being a misdemeanor. The motion was overruled, and the defendants excepted. To this decision a joint bill of exceptions was filed. The bill of exceptions also assigned errors upon other rulings made in the course of the several trials, not embraced in the motion for a new trial. When the case was called in the supreme court, the solicitor general objected to counsel for the defendants being heard upon those grounds of error not embraced in the motion for a new trial. This position was sustained, as appears from the first head-note.

It is unnecessary to set forth the evidence, as it abundantly supported the verdicts. The court, in overruling the motion for a new trial, certifies that it had "rarely known a more aggravated case of riot."

Durden *et al. vs.* The State of Georgia.

LANGMADE & EVANS; H. D. CAPERS, for plaintiffs in error.

JOHN W. ROBINSON, solicitor general, for the state.

TRIPPE, Judge.

1. The defendants severed on the trial and were all convicted. Without objection on the part of the solicitor general, they made a joint motion for a new trial. This motion was heard by the court upon its merits, the grounds considered, and it was regularly and formally overruled. Whether defendants, who thus sever, have the legal right to make a joint motion for a new trial, over objection by the state, is not the question. We see many objections to such a practice. It would produce confusion and a mixing up in the same motion of divers grounds arising on separate trials. Certain questions as to organizing a jury on one trial, and different ones on the same point on the other trial, would arise, and all would have to be considered together. Many other difficulties of the same character could be pointed out. But this motion was made jointly, and as no objection was taken to it in that form, and judgment was regularly pronounced upon it, the defendants should not lose all right to have their cases reviewed for an irregularity that was not excepted to, and which fact was well known and understood by all parties. As the motion was thus jointly made and determined, a joint bill of exceptions will not be dismissed. But the right does not exist to include in such joint bill of exceptions, additional errors which were not contained in the joint motion for a new trial, and when objection is made to such additional exceptions thus assigned, they will not be considered. The evils that would occur from the practice of allowing, as a matter of right, the defendants to join in the motion for new trial—some of which have been pointed out, would be aggravated if the further right existed to assign new errors and make new exceptions in one bill for different causes occurring on the different trials, and which were not contained in the motion for the new trial.

Durden *et al. vs.* The State of Georgia.

The waiver on the part of the state—so to call it—by not objecting to a joint motion, does not preclude it from the right to object to introducing other points happening on the different trials in this bill of exceptions.

2. The indictment in this case alleges circumstances of an aggravated nature, and the judge who tried the case certifies the same to be true under the evidence; all of which is corroborated by the testimony contained in the record. If this, under the old law, section 4400, Code of 1863, would have made the offense a felony, then the 1650th section of the new Code (acts of 1866, page 153,) allows the solicitor general the same fees as if the penalty had not been reduced. Unless there be a clear case of error in the taxing of costs under that section, by the judge who tries the case, this court will not interfere. The other grounds in the motion for a new trial were not urged, and, as modified by the judge, were not insisted upon. It is, therefore, unnecessary to consider them. It was admitted that the statements made in the certificate of the judge left no error to complain of so far as those grounds were concerned.

Judgment affirmed.